UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                    :

ST. MARYS CEMENT U.S. LLC,           :

                                    :

                  Plaintiff,       :     **MEMORANDUM DECISION AND**

                                    :     **ORDER**

         - against -                :

                                    :     25-cv-4333 (BMC)

RED ROCK INDUSTRIES, INC., DOM   :
DEL MONACO, and RED ROCK READY   :
MIX LLC,                            :

                                    :

                  Defendants.    :
------------------------------------------------------------- X

**COGAN**, District Judge.

In this diversity action for goods sold and delivered, the Court previously granted

summary judgment to plaintiff, St. Marys Cement.  The documents reflecting the transactions

between the parties contained an attorneys' fees and costs reimbursement provision, and plaintiff

has moved for that relief.  Although plaintiff obtained summary judgment against all three

interrelated defendants, plaintiff has advised the Court in the present motion that one of the three,

Red Rock Industries ("Industries"), has filed for protection under the Bankruptcy Code, and,

therefore, plaintiff seeks relief against only the two defendants which are not in bankruptcy

proceedings, Del Monaco and Red Rock Ready Mix.  None of the defendants have opposed the

motion.

"In a diversity action, such as the present matter, state law controls the availability and

proper calculation of attorneys' fees." CIT Bank, N.A. v. Ayers, No. 15-cv-7256, 2017 WL

6816486, at *2 (E.D.N.Y. Dec. 5, 2017), report and recommendation adopted, No. 15-cv-7256,

2018 WL 317840 (E.D.N.Y. Jan. 3, 2018).  Under New York law, attorneys' fees may be

recovered pursuant to a contractual provision, but that provision "may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." Id. (quoting Kamco Supply Corp. v. Annex Contracting Inc., 261 A.D.2d 363, 365, 689 N.Y.S.2d 189, 190 (2d Dep't 1999)).

Courts in this District "routinely consider the 'presumptively reasonable fee' method (i.e., the 'lodestar' method) when calculating attorneys' fee awards in diversity actions." Id. at *2 n.3. This fee is composed of "a reasonable hourly rate multiplied by a reasonable number of expended hours." Finkel v. Omega Commc'n Servs., Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). So that the Court can perform this reasonableness analysis, counsel must submit "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998). If counsel has failed to adequately document their hours, the Court will reduce the award "accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Plaintiff's motion was defective when filed. It did not include the time records of any of the timekeepers who worked on the matter, nor their rates, nor their title at the firm or their experience. Nor did the motion total the amount of time spent by each timekeeper (not that it reasonably could have, given that it did not identify the timekeepers). Although the Court could have denied the motion on that basis, it explained the deficiencies and offered plaintiff another chance by way of a supplemental filing.

Still, the supplemental filing that plaintiff made in response was only slightly better. It annexed plaintiff's counsel's invoices to its client, which included the rate charged by each timekeeper. But it did not set forth the total amount of time spent, either collectively or by timekeeper, apparently leaving the Court to do the math on its own. The supplemental filing also

2

did not explain who each timekeeper was, apparently leaving the Court to guess who were partners, associates, and paralegals based on who had the highest, lowest, and middle rates. That's not even to mention the total absence of information as to the background of each timekeeper so that the Court could determine whether their hourly rates were reasonable.

The total amount of charges for which plaintiff's attorneys spent in obtaining this judgment is $61,087.04, which plaintiff has already paid to its attorneys, and another $12,692.19 in further charges subsequent to summary judgment concerning the instant fee motion and the bankruptcy of Industries. As noted above, the Court cannot undertake the reasonableness analysis based on the little information that plaintiff has provided. To do that, the Court would have to, first, go through each of the nine lengthy invoices with multiple timekeepers on them, cross-reference each timekeeper with each invoice, and then total the amount of time spent by that timekeeper through each invoice. Then the Court would have to guess or Google the timekeepers' positions at the firm, then glean whatever it could from their LinkedIns or firm profiles about their knowledge and experience for this kind of case so that the Court could determine whether the rate and hourly time charges are consistent with rates charged in this District.

Having given plaintiff a second chance to make this analysis possible, the Court is not going to undertake that exercise. "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Instead, the Court has the discretion to reduce the fee claim to what it thinks is a reasonable level. See Hensley, 461 U.S. at 424. The Court is therefore reducing the claimed $61,087.04 to $30,000. It is not allowing reimbursement for any part of the $12,692.19 attributable to post-judgment bankruptcy efforts because there is no discussion in plaintiff's motion about why those should be recovered in this action as opposed

3

to being part of its proof of claim against Industries in bankruptcy court.  Indeed, the final invoice submitted is all about Industries' bankruptcy, including attending a § 341 creditors meeting, and doesn't seem at all directed to the non-filing judgment debtors.  And for reasons that should be apparent from this Order, the Court is not allowing reimbursement for any part of the $12,692.19 attributable to preparing the fees motion.  As far as costs, plaintiff has again left it to the Court to go through each invoice and add up each category of costs to determine whether it is reasonable.  The Court is not going to do that either.

Plaintiff emphasizes in several places how counsel tried to be efficient because of the size of this case.  That's all well and good, but if counsel wants to be paid attorneys' fees, plaintiff still has to meet the fundamental requirements showing entitlement to those fees.

Finally, plaintiff initially requested leave to file its invoices from its counsel under seal. The Court did not see the need for that, so it directed counsel to instead redact privileged and/or confidential proprietary information contained in those documents (and file unredacted versions under seal) to the extent that such information was present in them.  Counsel ignored that direction and filed all of the invoices under seal.  Having reviewed the time entries, there is no reason for that.  There is not the substance of a single communication between attorney and client.  The Court is going to unseal the invoices unless counsel provides an adequate legal justification for not doing so by June 26, 2026.

4

Accordingly, plaintiff's motion is granted to the extent of $30,000, to be recovered jointly and severally against defendants DOM DEL MONACO and RED ROCK READY MIX LLC.

**SO ORDERED.**

_Brian M. Cogan_

U.S.D.J.

Dated: Brooklyn, New York
      June 16, 2026